In the Matter of MORGAN KING HARRIS (Also Known as MORGAN
K. HARRIS), an Attorney, Respondent.

First Department, July 3, 1942.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

PER CURIAM. The referee herein has reported the respondent
guilty of professional misconduct. The respondent failed to appear
on the motion to confirm the referee's report.

It is established by the evidence that the respondent was retained
by Mr. Frank D. Livermore, vice-president of the Excel Brick &
Tile Co., a Delaware corporation, to dissolve said corporation, to
organize a new corporation in the State of New York, secure the
consent of the Securities and Exchange Commission to the sale of
the new corporation's capital stock and endeavor to interest certain
firms and individuals in the purchase of the capital stock of the
new corporation. These services he agreed to perform for the sum
of $250. That sum was paid to him by Mr. Vernon J. Miller, a
friend of Mr. Livermore, who had agreed to convey to the new
corporation in exchange for a part of its capital stock some lands
in New Jersey which he owned. Without the knowledge of Mr.
Livermore, the respondent later induced Mr. Miller to pay him
additional moneys upon the representations that they were needed
for certain necessary expenditures in connection with the proposed
transactions.

The respondent admitted that Mr. Miller (since deceased)
advanced $960 to him. He claimed, however, that a portion of

that sum was a personal loan and that the balance, about $400, was for expenses in connection with the services he had been retained to perform. He prepared a certificate of incorporation for the New York corporation, which he did not file; obtained a pamphlet from the Securities and Exchange Commission and paid $75 to a man to conduct a title search in reference to the property in New Jersey, but rendered no other services.

The respondent thus not only failed to render the services for which he had been retained and paid a fee of $250, but obtained at least $400 in addition, upon alleged false and fraudulent representations, and has made no restitution.

He should be disbarred.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ.

Respondent disbarred.